FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

98 NOV -4 AM 9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

MELVIN THOMAS,                              )
                                            )
          Plaintiff,                        )
                                            )
vs.                                         )        CV 96-PT-1995-E
                                            )
CLEBURNE COUNTY COMMISSION,                 )
CLEBURNE COUNTY SHERIFF'S                   )
DEPARTMENT, SHERIFF DARRELL                 )
DURHAM, JUDGE MONROE LIPSCOMB,              )
and COMMISSIONERS LOYD OWEN,                )
CURTIS TURNER, WINDFORD BROWN, and          )
PETE FRAMES,                                )
                                            )
          Defendants.                       )

ENTERED
NOV 4 = 1998

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on September 23, 1998, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice. Plaintiff filed objections on September 30, 1998. In his objections, plaintiff repeats the allegations made in his complaint including that, the conditions are horrible, and the food inedible.[1] Plaintiff also submitted a newspaper article in which the Sheriff is quoted as describing the Cleburne County jail as a medieval dungeon. Defendants have filed a motion to strike

---

[1] The court notes that plaintiff is no longer incarcerated in the Cleburne County Jail. To the extent that plaintiff has requested declaratory and injunctive relief, his request has been rendered moot by his transfer to Limestone Correctional Facility. "Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). "Past exposure to [alleged] illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury." *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985)(*quoting Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984).

this additional evidence arguing that plaintiff submitted evidence to the court and he did not provide copies for the defendants, and made reference to witnesses and evidence which had not been provided to the court earlier. The newspaper article submitted by plaintiff refers to the conditions in the jail as of 1998, two years after this case was filed and will not be considered by the court. The Eleventh Circuit has cautioned that "statements to the press are often made for reasons that have no relation to the true intent of the speaking party." *Parrish v. Alabama Department of Corrections*, 156 F.3d 1128 (11th Cir. 1998). If the court were to consider the newspaper article, it would merely support the court's conclusion that even though the conditions of the jail are harsh and the food was not to plaintiff's liking, he has failed to show that the defendants were deliberately indifferent to the conditions of the jail. In order to establish an eighth amendment violation, a plaintiff must be able to show, not only that the conditions are appalling, but also that the defendants were deliberately indifferent to that condition, *Wilson v. Seiter*, 502 U.S. 294, 303, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991).

Plaintiff also reiterates his claim that his scheduled surgery was canceled by defendants because they did not want to pay for it. Plaintiff has failed to produce any evidence to support a position that the surgery was essential rather than elective, and that he suffered physical repercussions as result of not having surgery in July.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, and the defendants' motion to strike, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED.

The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for

summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH

PREJUDICE. A Final Judgment will be entered.

    DONE this the _____ day of November, 1998.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE